**Albert N. Kennedy**, OSB No. 82142 (Lead Attorney)
   Direct Dial:  (503) 802-2013
   Facsimile:   (503) 972-3713
   E-Mail:      al.kennedy@tonkon.com
**Timothy J. Conway**, OSB No. 85175
   Direct Dial:  (503) 802-2027
   Facsimile:   (503) 972-3727
   E-Mail:      tim.conway@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204

    Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Renaissance Custom Homes, LLC, et al.,<br><br>    Debtors. | Case No. 08-35023-tmb11<br>(Jointly Administered with<br>Case No. 08-35025-tmb11 and<br>08-35026-tmb11) |
| RENAISSANCE DEVELOPMENT<br>CORPORATION, an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO EQUIPMENT FINANCE,<br>INC., dba WELLS FARGO TECHNOLOGY<br>FINANCE,<br><br>    Defendant. | Adv. Pro. No. 09-03252-tmb<br><br>**COMPLAINT (To Determine Interest In Property)** |

      Renaissance Development Corporation ("RDC") is a debtor and debtor-in-possession in the above-captioned case ("Debtor"). Debtor seeks a determination as to the ownership of certain property as between Debtor and Wells Fargo Equipment Finance, Inc. ("WF") and a determination of the validity, priority and extent of the lien of WF, if any, in said property. In support of this Complaint, Debtor alleges as follows:

**Page 1 of 3** - COMPLAINT (To Determine Interest In Property)

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A).

2.    Venue is proper in this district under 28 U.S.C. §1409.

3.    The proceeding has been brought in accordance with Rules 7001(2) and 7070 of the Federal Rules of Bankruptcy Procedure which requires an adversary proceeding be brought to determine an interest in property, the validity, priority and extent of any liens on such property, and vesting title to property.

4.    Debtor is an Oregon corporation headquartered in Lake Oswego, Oregon. Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on September 25, 2008 (the "Petition Date").

5.    Defendant WF is a party to certain agreements entered into with RDC as more particularly described below.

6.    In and around October 2006, RDC entered into negotiations with Freewire Broadband LLC ("Freewire") for the acquisition of equipment ("Freewire Equipment") and services to provide high speed internet access and connectivity for Debtor's main office and its remotely located design centers. Instead of purchasing the equipment outright, Freewire suggested that Debtor use WF to finance the purchase of the Freewire Equipment. Freewire continues to provide access and services to Debtor related to the operation of the equipment and bills Debtor directly each month for those services.

7.    On or about October 30, 2006, Debtor entered into a "Master Lease" with WF for the acquisition of the Freewire Equipment.

8.    On or about May 22, 2007, Debtor acquired additional equipment from Freewire which purchase was financed through WF pursuant to a supplement to the Master Lease dated May 22, 2007. The additional equipment was installed at Debtor's subdivision commonly known as Rosemont Pointe in West Linn, Oregon.

9.    On or about August 7, 2007, Debtor acquired additional equipment

Page 2 of 3 - COMPLAINT (To Determine Interest In Property)

1  from Freewire which purchase was financed through WF pursuant to a supplement to the

2  Master Lease dated August 7, 2007.  The additional equipment was installed at Debtor's

3  subdivision commonly known as Pacific Crossing in Forest Grove, Oregon.  The equipment

4  installed at Pacific Crossing has never worked properly and Freewire has not billed Debtor

5  for service or access charges related to that location.

6      10.    Debtor contends that the Master Lease and supplements thereto for the

7  Freewire Equipment is a disguised financing arrangement and not a true lease.

8      11.    Debtor is the owner of the Freewire Equipment and WF is merely a

9  secured or unsecured creditor of Debtor, depending on whether or not financing statements

10 were properly and timely filed.

11     WHEREFORE, Debtor prays for an order adjudging that the interest of

12 Debtor in the Freewire Equipment is an ownership interest and issuing title to Debtor for

13 such equipment; for an order determining the validity, priority and extent of the lien, if any,

14 of WF, and for such other and further relief as this Court deems just and appropriate.

15     DATED this 4th day of August, 2009.

16     TONKON TORP LLP

18     By */s/ Timothy J. Conway*
    Albert N. Kennedy, OSB No. 82142
19     Timothy J. Conway, OSB No. 85175
    Attorneys for Debtors

20 034312\00001\1191803 V001

**Page 3 of 3** -   COMPLAINT (To Determine Interest In Property)